**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation, § § § | |
| Plaintiff, § | Civil Action No. 6:12-cv-168 |
| vs. § § | **Judge: Hon. Leonard Davis** |
| APPLIED VOICE & SPEECH TECHNOLOGIES, INC., a Delaware corporation, § § § | **ORAL HEARING REQUESTED** |
| Defendant. § § § | |

# DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Applied Voice & Speech Technologies, Inc. ("AVST") moves to dismiss Plaintiff Klausner Technologies, Inc.'s ("KTI")[1] Complaint for Patent Infringement[2] ("the complaint") for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). KTI's generic, "one size fits all" complaint contains no factual allegations. Instead, it contains only ultimate legal conclusions -- which especially in the context of this case -- fail to provide AVST notice of what it must defend.

AVST should not be forced to engage in expensive litigation unless KTI can plead factual allegations sufficient to suggest that discovery will reveal evidence to support its claim. To hold otherwise would permit plaintiffs with baseless claims to extract settlements simply by wielding the *in terrorem* effect of expensive discovery. This is exactly what the Supreme Court has held

---

[1] On May 25, 2012, KTI filed a Motion to Substitute Parties seeking to replace itself as plaintiff with a new party, IPVX Patent Holdings, Inc.. Dkt No. 13. AVST is opposing that motion. However, the arguments for dismissal set forth herein are applicable to both KTI and IPVX, and for purposes of this motion to dismiss, references to KTI shall include IPVX as well.
[2] Dkt. No. 1.

Fed. R. Civ. P. 8 should protect against. KTI's complaint must therefore be dismissed, and KTI should be allowed to refile, if at all, only when it can allege facts that would support its claims and provide AVST with notice of what it must defend.

## FACTUAL BACKGROUND

On March 19, 2012, KTI filed its complaint for Patent Infringement against AVST. In its complaint, KTI accuses AVST of infringing U.S. Patent No. 5,572,576, both indirectly and directly.

KTI's allegation of **indirect infringement** against AVST is composed of nothing more than conclusory statements. It simply alleges that AVST "has contributed to _or_ induced, and continues to contribute to _or_ induce, others to infringe the '576 Patent," and that AVST "is contributing to _or_ inducing others, including its end users, distributors, and resellers, to make, use, sell, _or_ offer to sell visual voicemail products that infringe the '576 Patent without a license or permission from Plaintiff." _Id_. at ¶¶ 1, 10 (emphasis added). The complaint does not identify which claims of the asserted patent are allegedly indirectly infringed by AVST.

Moreover, KTI's claim of indirect infringement does not allege that AVST knew of the patent. In the almost 16 years since the '576 patent issued, AVST received no indication from KTI of any infringement or other disputes. Rather, KTI filed its complaint less than two weeks before the '576 patent expired.[3] Oddly, KTI's complaint requests an injunction against AVST although the patent expired even before AVST's answer was due. Complaint at ¶¶ 1, 9, 11.

---

[3] The term of the '576 patent extends only to the "expiration date of Pat. Nos. 5,283,818 and 5,390,236." '576 Patent, Certificate of Correction. At the latest, the '818 and '236 patents expired on March 31, 2012, 20 years after the date of filing of the '818 patent. See 35 USC §§ 154(c); Exhibit E, Cover page of U.S. Pat. No. 5,283,818 (issued Feb. 1, 1994); Exhibit F, Cover page of U.S. Pat. No. 5,390,236 (issued Feb. 14, 1995).

With respect to **direct infringement**, KTI's complaint alleges that AVST "has used and continues to use Plaintiff's patented technology in products that it makes, uses, sells, and offers to sell, without Plaintiff's permission …." *Id*. at ¶ 1.  KTI does not identify any specific AVST products.  Rather, KTI states that AVST has allegedly infringed the '576 Patent "by manufacturing, using, selling, and offering for sale, *visual voicemail products* that use or embody the patented invention claimed in the '576 Patent without a license or permission from Plaintiff." *Id*. at ¶ 9 (emphasis added).  The term "visual voicemail" does not appear in the '576 patent, and KTI does not define it in its complaint.  KTI has, however, used the term "visual voicemail" to refer to the diverse products of at least 10 other defendants in its complaints. *See* Exhibit A, Excerpts of 10 KTI complaints.

This generic phrase does not give AVST notice as to which products are accused of infringement.  The ambiguity is especially significant in the context of this case.  AVST produces and sells products that support unified messaging capabilities.  "Unified messaging" capabilities are generally understood to include the ability to allow users to manage, from a single interface, various types of electronic messages, which can include voicemail. *See* Exhibit B, Excerpt from Computer Telephony Encyclopedia.  Other companies, however, have made and sold unified messaging products since long before the 1994 filing date of the '576 patent. *Id*.  In fact, AVST's predecessor developed its own unified messaging products and sold them at least as early as 1993. *See* Exhibit C, Info World, October 4 1993, p. 33, 41; Exhibit D, Description of product by AVST's predecessor, AVT.  Blanket allegations, therefore, are especially vague in the context of this case, and fail to provide AVST with notice of what it needs to defend.

**STATEMENT OF THE ISSUES TO BE DECIDED**

Pursuant to Local Civil Rule 7(a)(1), the issue to be decided by the Court in connection with this motion is:

1.  Whether KTI's complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**A.     Claims In Patent Cases That Contain Only Naked Assertions Or A Formulaic Recitation Of Elements Should Be Dismissed**

To meet the minimum requirements for stating a claim under the Federal Rules of Civil Procedure, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The initial question is whether the complaint includes enough facts that, if taken as true, state a viable cause of action. *Id*. at 554-556. Assertions that are no more than conclusions "are not entitled to the assumption of the truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). Moreover, the court must consider whether the allegations, to the extent they can be taken as true, are consistent with plaintiff's ultimate claim, or whether "given more likely explanations, they do not plausibly establish [his claim]." *Id.* at 1951. Stated another way, the complaint must provide enough context to support a credible suggestion that all elements of a claim are plausibly present.

As the Supreme Court made clear in *Twombly*, minimum pleading requirements are necessary to minimize the needless and substantial expenses defendants can incur from baseless lawsuits. "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."

*Twombly*, 550 U.S. at 557-558 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347) (emphasis added) (internal quotation marks and citation omitted).

The Court further noted that other procedural safeguards were inadequate to protect defendants. "It's no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process …." *Twombly*, 550 U.S. at 559. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [the summary judgment stage]." *Id.* The requirement of sufficient pleadings protects defendants from "the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a [] claim." *Id.* (internal quotation marks, citation, and brackets omitted).

### 1.  KTI's Indirect Infringement Claims Must Be Dismissed

KTI has alleged that AVST has, in some unspecified way, contributed to or induced infringement of the '576 patent. To prove contributory infringement, a plaintiff must establish: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Similarly, "[t]o prove inducement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (internal quotation marks omitted), aff'd, 131 S. Ct. 2238 (2011). To establish the requisite knowledge for induced infringement, it must be shown that the defendant "actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc in relevant part) (internal quotation marks,

citation, and brackets omitted). In other words, it is not enough that the alleged infringer took actions deliberately (*e.g.*, knowingly selling a product); it must be shown that the alleged infringer did so with full knowledge that its acts constitute or are highly likely to constitute infringement. *Id*. at 1304-1306. "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Id.* at 1304 (citation omitted).

KTI alleges no facts to give rise to an expectation that discovery will reveal that AVST knew of the '576 Patent or had any reason to believe that the '576 Patent might be infringed by AVST's products. KTI should be made to do so. KTI's patent issued almost 16 years ago, but KTI brought no claim against AVST until less than two weeks before it expired. To the extent KTI's allegations are directed at AVST's unified messaging products, which is far from clear, sales of unified messaging products began by AVST's predecessor, Applied Voice Technology, Inc., before the '576 Patent was even filed. *See* Exhibit C, Exhibit D.

KTI does not make any allegation that AVST knowingly and intentionally induced infringement, nor does it allege that AVST's product has no substantial noninfringing uses. KTI does not specify which claims are allegedly indirectly infringed. Indeed, KTI does not even definitively allege that AVST contributed to or induced infringement -- only that it *might* have done so. *See* Complaint at ¶ 1 (alleging only that AVST "has contributed to <u>or</u> induced, and continues to contribute to <u>or</u> induce, others to infringe the '576 Patent.") (emphasis added).

KTI's wholly conclusory indirect infringement claim is akin to that rejected in *Clear With Computers v. Bergdorf Goodman*, No. 6:09-cv-481, slip op. (E.D. Tex. March 29, 2010), where this Court held that: "Taken as a whole, [Plaintiff's] indirect infringement allegations -- which fail to identify which claims are indirectly infringed, fail to identify which methods or

systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims -- does not state a claim for infringement that is plausible on its face." *Id*. at 7. KTI's indirect infringement claims are of the exact type disallowed by *Twombly*. Under *Twombly*, courts should not allow a case to proceed on "a wholly conclusory statement of claim" that merely "[leaves] open the possibility that [the] plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561 (internal quotation marks, citation, and brackets omitted).

### 2. KTI's Direct Infringement Claims Must Be Dismissed

KTI's direct infringement claims must be similarly dismissed because they are too conclusory to be accepted as true. A complaint need not set forth extensive details in order to properly plead direct infringement. *See Twombly*, 550 U.S. at 555-56. A complaint, however, that fails to "identify any accused products, services, or methods or other infringing acts for the patent-in-suit", "simply fails to inform Defendants as to what they must defend" and is therefore fatally deficient. *Bedrock Computer Technologies v. Softlayer Technologies*, No. 6:09-cv-269, slip op. at 5 (E.D. Tex March 29, 2010).[4] The reasoning is simple: neither a defendant nor the court should be made to guess at what is accused of infringement, and thereby be forced to expend significant time and resources that could be avoided if the plaintiff simply provided the basic information it should have available, if it completed the requisite good faith analysis prior to filing the complaint.

---

[4] For claims of direct infringement, conformance with Form 18 appended to the Federal Rules of Civil Procedure is generally considered sufficient. *Bedrock Computer*, No. 6:09-cv-269, slip op. at 3-4. While Form 18 presents a relatively low bar, it does not relieve a plaintiff from the obligation of providing enough information to allow a defendant and the court to identify the product at issue. *Id*. at 4.

Here, KTI's direct infringement claim is of the precise type that has been rejected in other cases. The complaint identifies only "*visual voicemail products* that use or embody the patented invention claimed in the '576 Patent." Complaint at ¶ 9 (emphasis added). The term "visual voicemail" does not appear in the patent and is not defined by KTI. KTI has used the exact same undefined term for the products of at least 10 other parties, all of whom sell different products. *See* Exhibit A. Allegations based on this term are, therefore, wholly conclusory and "not entitled to the assumption of the truth." *Iqbal*, 129 S. Ct. at 1951.

The complaint additionally fails to state a claim that is plausible on its face. AVST does manufacture and sell products that have unified messaging capabilities, some of which may be generically referred to as voicemail. The concept of unified messaging, however, was publically known at least as early as 1989. *See* Exhibit B (describing unified messaging systems sold in 1987); Exhibit G, Excerpts of U.S. Patent No. 4,837,798 (issued June 6, 1989).[5] AVST's predecessor even developed unified messaging products and sold them as early as 1993, before the '576 patent was filed in 1994. *See, e.g.,* Exhibit C (discussing a unified messaging product of AVST's predecessor, Applied Voice Technology, Inc.); Exhibit D (describing functionality of AVST's predecessor's product). The practice of unified messaging alone cannot be KTI's ground to allege infringement.

---

[5] The '798 patent discloses a system whereby users retrieve voice mail "messages from a voice terminal with … a 40-character display…." *Id*. at Col. 8 ll. 12-50. In this system, "instead of hearing the header of a message, the header is displayed to the user on the 40-character display and would appear as 'T. Smith x3887 April 4 10:15am'" *Id*. "The user could then listen to this message or skip to the next header and decide if he/she wanted to hear that message. At any time, the user has the ability … to stop the retrieval session, replay a message, delete a message, save a message, skip a message, etc." *Id*.

For this reason, KTI's complaint fails to inform AVST as to what it must defend. It leaves AVST to guess which of its products are accused. As a result, KTI's complaint fails to provide AVST with any real notice of the claims alleged against it.

### 3. KTI Is Not Entitled To The Relief It Requests

The asserted '576 Patent has expired. In fact, it expired before AVST's answer was originally due. Yet, KTI goes to great lengths in its complaint to assert that it is entitled to preliminary and permanent injunctive relief. *See* Complaint at ¶¶ 1, 9, 11.

Obviously, an injunction is not relief to which KTI is legally entitled. More to the point, it is part of the context that must be considered in evaluating whether KTI has stated a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950 ("Determining whether the complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). When taken together, the factual deficiencies noted above form a context that makes clear that KTI is doing precisely what the Supreme Court has said Fed. R. Civ. P. 8 is designed to prevent. Plaintiffs must not be allowed to use the significant expenses associated with defeating baseless cases to force defendants to settle. *Twombly*, 550 U.S. at 557-559.

### B. KTI Should Not Be Allowed To Amend Its Complaint Unless And Until It Can Present A Properly Pled Complaint

It was KTI's responsibility to file complaints that plead actual, specific facts against each of the 100+ defendants KTI has sued for patent infringement. Instead, KTI filed cookie-cutter complaints that could apply to any defendant. Presumably, to the extent KTI could not secure early settlements, it planned to use discovery to later sort out which claims applied to which defendants. It is well-established that there are "high expectations as to plaintiffs' preparedness

before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp 2d 558, 560 (E.D. Tex. 2005). KTI's tactic shifts the burden of this pre-suit work onto the defendants. Such abuse is exactly what the Supreme Court contemplated and disallowed in *Twombly* and *Iqbal*.

KTI clearly has substantial experience in pursuing patent infringement suits, and cannot claim ignorance as to its pleading obligations. Having blatantly ignored those obligations, KTI should not be allowed the privilege of returning to this Court unless and until it can clearly and unequivocally set forth properly supported plausible claims for relief.

## CONCLUSION

In light of the pervasive deficiencies in KTI's complaint outlined above, the Court should dismiss KTI's complaint. KTI should not be allowed to burden AVST or the Court further unless and until it can demonstrate that it met the Court's high expectations of preparedness, as well as the requirements of Fed. R. Civ. P. 8.

Dated: May 31, 2012

Respectfully submitted,

by: ___/s/ *Lawrence G. McDonough*
Lawrence G. McDonough

Cecil Key
Email: cecil@keyiplaw.com
Law Offices of Cecil Key
1934 Old Gallows Road, Suite 350
Vienna, Virginia
Phone: 703-752-6276
Cell: 703-472-5976

                         Lawrence G. McDonough (CA Bar No. 218364)
                         (Admitted E.D. Texas)
                         Email: larry@keyiplaw.com
                         Law Offices of Cecil Key
                         PO Box 3201
                         La Jolla, CA 92038
                         Telephone: (858) 354-1935
                         Facsimile: (703) 752-6201

                         ATTORNEYS FOR DEFENDANT, APPLIED
                         VOICE & SPEECH TECHNOLOGIES, INC.

- 12 -

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF system to all counsel of record in accordance with the Federal Rules of Civil Procedure on May 31, 2012.

                                        /s/ *Lawrence G. McDonough*
                                        Lawrence G. McDonough