**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **KLAUSNER TECHNOLOGIES, INC.** | § § | |
| V. | § § | **CASE NO. 6:11-CV-480-LED** |
| **AASTRA TECHNOLOGIES LTD., et al.** | § § § | **PATENT CASE** |
| | | |
| **KLAUSNER TECHNOLOGIES, INC.** | § § | **CASE NO. 6:11-CV-568-LED** |
| V. | § § | **PATENT CASE** |
| **ALTIGEN COMMUNICATIONS** | § § | |
| | | |
| **KLAUSNER TECHNOLOGIES, INC.** | § § | |
| V. | § § | **CASE NO. 6:11-CV-575-LED** |
| **THE BROADVOX HOLDING COMPANY** | § § § | **PATENT CASE** |
| | | |
| **KLAUSNER TECHNOLOGIES, INC.** | § § | |
| V. | § § | **CASE NO. 6:11-CV-582-LED** |
| **SMOOTHSTONE IP COMM.** | § § | **PATENT CASE** |
| | | |
| **KLAUSNER TECHNOLOGIES, INC.** | § § | |
| V. | § § | **CASE NO. 6:11-CV-584-LED** |
| **VOICE CARRIER, INC.** | § § | **PATENT CASE** |
| | | |
| **KLAUSNER TECHNOLOGIES, INC.** | § § | |
| V. | § § | **CASE NO. 6:11-CV-594-LED** |
| **IXC, INC.** | § § | **PATENT CASE** |

| | |
|---|---|
| **KLAUSNER TECHNOLOGIES, INC.** § § | |
| V. § § | **CASE NO. 6:12-CV-168-LED** |
| **APPLIED VOICE & SPEECH TECHNOLOGIES, INC.** § § § | **PATENT CASE** |
| **KLAUSNER TECHNOLOGIES, INC.** § § | |
| V. § § | **CASE NO. 6:12-CV-182-LED** |
| **VOICERITE, INC.** § § | **PATENT CASE** |
| **KLAUSNER TECHNOLOGIES, INC.** § § | |
| V. § § | **CASE NO. 6:12-CV-184-LED** |
| **VOXERNET LLC** § § | **PATENT CASE** |

## SEVERANCE AND RECONSOLIDATION ORDER

Previously, several related cases filed by Klausner Technologies, Inc. were consolidated prior to status conference. Docket No. 98. At status conference, many parties consented to trial before Judge Love, resulting in a different post-*Markman* schedule for the consented parties. *See* Docket No. 162. To avoid future confusion between those parties that have consented and those parties that have not, the Court **ORDERS** that the above-styled cases shall be severed from 6:11-cv-480 and reconsolidated for pretrial issues only, with the exception of venue, under the lead case, 6:11-cv-568. *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). All Defendants, those who have contented and those who have not, shall file one *Markman* briefing (the parties are to file a copy in both 6:11-cv-480 and 6:11-cv-568). All future filings, except for venue, should be filed in the lead case, 6:11-cv-568.

The Clerk of the Court shall add the consolidated defendants to the lead case, as well as Lead and Local Counsel only. Any other counsel who wishes to appear in the lead case shall file

a notice of appearance in that case.  The individual cases will remain active for venue motions and trial.  Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the originally filed (member) cases, not as to all defendants in the pretrial consolidated case.  *See Norman*, 2012 WL 3307942, at *4.  All motions, other than venue motions, shall be filed in the consolidated case.

The parties shall submit a single Docket Control[1], Discovery, ESI, and Protective Order, and each of the respective orders shall be filed in the lead case.  All parties to the consolidated case are ordered to meet-and-confer and submit uniform docket control, protective and discovery orders, which will govern the consolidated case, regardless of whether the same have previously been entered in individual actions.  The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case.  The agreed docket control order, discovery order, ESI, and protective order **are due fourteen days** from the issuance of this Order.

**So ORDERED and SIGNED this 15th day of February, 2013.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

---

[1] The consented parties are instructed to incorporate all Judge Love's consent docket control deadlines for all post-*Markman* deadlines, e.g. second meditation, deadline to limit the number of asserted claims, and deadline to limit number of asserted prior art references.  *See* The Honorable John D. Love, U.S. District Court: Eastern District of Texas, http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=1 .